**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Opal Angelo,<br><br>Plaintiff,<br>v.<br><br>Stellar Recovery, Inc.,<br><br>Defendant. | Docket 3:17-cv-01138-JMM<br><br>(JUDGE JAMES M. MUNLEY)<br><br><br>FILED ELECTRONICALLY |

**FIRST AMENDED COMPLAINT**

## I. Introduction

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the Act") which prohibits debt collectors from engaging in abusive, unfair, and deceptive practices.

## II. Jurisdiction

2. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692k(d), which permits an action under the Act to be brought in any court of competent jurisdiction.

3. Venue in this district is proper in that Defendant transacts business here and the conduct complained of is alleged to have occurred here.

## III. Parties

4. Plaintiff, Opal Angelo, is a natural person residing at 1613

LaFayette Street, Scranton, PA 18504.

5. Defendant, Stellar Recovery, Inc., ("Stellar") is a corporation with a place of business located at 4500 Salisbury Road, Suite 105, Jacksonville, FL 32216.

6. Stellar regularly uses the mail in its business.

7. The principal purpose of Stellar's business is the collection of debts.

8. Stellar regularly attempts to collect debts asserted to be due to another.

9. Stellar is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**IV. Statement of Claim**

10. Stellar attempted to collect from Plaintiff an alleged account that was identified by a number ending in 6640 ("the Account").

11. When the Account was obtained by Stellar, it was in default.

12. The Account is a "debt" as that term is defined by the Act, 15 U.S.C. § 1692a(5).

13. Before August 11, 2016, Stellar had never communicated with Plaintiff regarding the Account.

14. On or about August 11, 2016, Stellar caused a letter to be mailed

to Plaintiff.

15. A true and correct copy of the letter is attached as Exhibit A. (Redacted to ensure financial privacy).

16. The letter was an attempt to collect the Account.

17. Stellar failed to effectively provide the Validation Notice that is required by § 1692g.

18. The letter stated, *inter alia,*: "The above listed amount is now due and owing. If you have any questions, please contact 888-613-0234."

19. By first stating that a specific amount was due, and by immediately following that statement with an invitation to call with any questions, Defendant invited the consumer to lodge any dispute of the debt orally rather than in writing.

20. Defendant reinforces this invitation by placing the Validation Notice immediately after the above text. That notice begins with the sentence: "Unless you notify this office within 30 days after receipt of this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid."

21. Again, the invitation for the consumer to call the toll free number with "any questions," followed immediately by a notice that the debt will be assumed to be valid if no dispute is lodged, is an encouragement that the

consumer lodge any dispute by calling the number.

22. Finally, the letter closes with the renewed invitation that the consumer call Defendant if she wished to discuss the debt. The letter states: "To discuss this matter with one of our account representatives contact our office today."

23. The Act requires that disputes regarding the validity of a debt must be in writing.

24. The language quoted in ¶ 19 above was followed by language which *did* notify the consumer that the consumer *must* dispute the debt in writing if she wished to receive a written copy of (a) verification of the debt, (b) a judgment, or (c) the name and address of the original creditor.

25. However, a consumer who did not care to receive this written information and who instead only wished to dispute the amount or validity of the debt could believe that an oral dispute would be the fastest and simplest way to accomplish that goal.

26. 15 U.S.C. § 1692g(a) requires a debt collector to notify a consumer of her dispute rights within five days of the first communication with the consumer in connection with the collection of the debt.

27. The letter does not effectively convey to the consumer the information required by § 1692g.

28. Defendant violated the Act, 15 U.S.C. §§ 1692g and 1692e(10).

## V. Jury Demand

29. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, costs, attorney's fees, and such other and further relief as the Court deems just and proper.

s/ Carlo Sabatini
Carlo Sabatini, PA 83831
Attorney for Plaintiff
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email ecf@bankruptcypa.com