IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OPAL ANGELO,<br>　　　Plaintiff | : | No. 3:17cv1138 |
| | : | |
| v. | : | (Judge Munley) |
| | : | |
| STELLAR RECOVERY, INC.,<br>　　　Defendant | : | |

## ORDER

On August 15, 2017, counsel for defendant filed notice with the court that it had accepted plaintiff's offer to settle, that settlement was expected to be complete within 45 days, and that the parties did not object to the entry of a dismissal order with 60 days to consummate settlement. (Doc. 12.) On August 16, 2017, we issued an order dismissing the case without costs, as counsel had advised that it was settled. (Doc. 13.) Our dismissal order did not incorporate the settlement agreement or manifest an intent to retain jurisdiction. On October 11, 2017, plaintiff filed a motion to reopen the case, enforce settlement, and award attorney's fees. (Doc. 14.)

We lack jurisdiction to consider the merits of plaintiff's motion because the case has been dismissed. District courts lack the power to enforce settlement agreements which are the basis for a judgment dismissing the case, unless the settlement was incorporated into an order of the court or the court manifested an

intent to retain jurisdiction. <u>Sawa v. Healtheast</u>, 989 F.2d 138, 141 (3d Cir. 1993); <u>Kokkonen v. Guardin Life Ins. Co.</u>, 511 U.S. 375, 378 (1994). ("Enforcement of the settlement agreement...whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.")

Thus, plaintiff's motion, (Doc. 14), is hereby **DENIED**.

BY THE COURT:

Date: 10/19/17

_____
JUDGE JAMES M. MUNLEY
United States District Court